# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TRAVIS LAMONT SUTTON,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DOCKET NUMBER<br>DC-300A-14-0641-I-1<br><br><br>DATE: April 12, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Travis Lamont Sutton, Stafford, Virginia, pro se.

Xan DeMarinis, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his employment practices appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to address the appellant's arguments on review that the agency violated his veterans' preference rights, we AFFIRM the initial decision.

## BACKGROUND

¶2      On or about January 30, 2014, the appellant applied for a GS‑1102‑14 Supervisory Contract Specialist position with the agency. *Sutton v. Department of Veterans Affairs*, MSPB Docket No. DC-300A-14-0641-I-1, Initial Appeal File (0641 IAF), Tab 6 at 44‑82, 93. The vacancy announcement provided that applicants could satisfy a basic qualification requirement for the position through completion of a 4-year course of study leading to a Bachelor's Degree, which included or was supplemented by at least 24 semester hours in a combination of specialized fields.[2] *Id*. at 95. The vacancy announcement further provided that

---

[2] Alternatively, applicants could satisfy the basic qualification requirement though employment in a GS-1102-14 position since January 1, 2000. 0641 IAF, Tab 6 at 95. However, in his application, the appellant only indicated that he met the basic requirement through his education, *id*. at 77, and he has not asserted, either below or on review, that he satisfied the alternative basic qualification requirement, s*ee* 0641 IAF, Tabs 1, 4, 8; Petition for Review File, Tabs 1, 4.

applicants were required to submit transcripts with their applications to verify that they met the education requirement. *Id*. at 95, 97.

¶3        After reviewing the appellant's application, the Office of Personnel Management (OPM) determined that a Department of the Navy Defense Acquisitions Workforce and Improvement Act (DAWIA) transcript that the appellant submitted was insufficient to verify that he met the education requirement.[3]   *Id*. at 13, 15.   Accordingly, the agency deemed the appellant ineligible for the position, and did not consider his application further.  *Id*. at 41.

¶4        The appellant filed a Board appeal challenging his nonselection, in which he alleged that the agency violated the Veterans Employment Opportunities Act of 1998 (VEOA), and that OPM engaged in an improper employment practice in violation of 5 C.F.R. part 300.  *Sutton v. Department of Veterans Affairs*, MSPB Docket No. DC‑3443‑14‑0467‑I‑1, Initial Appeal File (0467 IAF), Tab 1 at 3, 5, Tab 9 at 6‑7, 9‑13.  The appellant did not request a hearing.  0467 IAF, Tab 1 at 2.

¶5        The administrative judge docketed the appellant's employment practices claims as a separate appeal.  0467 IAF, Tab 15 at 1; 0641 IAF, Tab 3 at 1. Thereafter, she issued an order to show cause advising the appellant of the elements and burden of proof necessary to establish jurisdiction over an employment practices claim, and ordered the appellant to submit evidence and argument establishing that the Board had jurisdiction over his appeal.  0641 IAF,

---

[3] Under DAWIA, the Department of Defense was required to establish a process through which persons in the acquisition workforce would be recognized as having achieved professional status. *See Defense Acquisition University, DAWIA Certification*, http://www.dau.mil/doddacm/Pages/Certification.aspx (last visited Apr. 11, 2016). DAWIA Certification is the procedure through which a military service or Department of Defense component determines that an employee meets the education, training and experience standards required for a career level in any acquisition, technology, and logistics career field. *Id*.

Tab 3.  After considering the appellant's responses,[4] 0641 IAF, Tabs 4, 8, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  0641 IAF, Tab 11, Initial Decision (ID) at 1.  She found that the appellant's allegation that OPM had erroneously applied a valid qualification requirement in evaluating his application was a claim of procedural error in the application process, and did not constitute an employment practice.  ID at 5‑6; *see* 0641 IAF, Tab 8 at 5‑7.

¶6      The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  The agency has responded to the petition for review, and the applied has replied.  PFR File, Tabs 3‑4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board lacks jurisdiction over the appellant's employment practices appeal.

¶7      Under 5 C.F.R. § 300.103, each employment practice of the Federal Government must meet the following basic requirements:  (1) it must be based on a job analysis identifying the basic duties and responsibilities of the job in question, the knowledge, skills, and abilities required to perform those duties and responsibilities, and the factors that are important in evaluating candidates; (2) there must be a rational relationship between the employment practice and performance in the position to be filled, and demonstration of this rational relationship must include a showing that the employment practice was professionally developed; and (3) the employment practice may not discriminate on the basis of race, color, religion, sex, age, national origin, partisan political affiliation, or other nonmerit factors.  5 C.F.R. §§ 300.103(a)‑(c); *see Meeker v. Merit Systems Protection Board*, 319 F.3d 1368, 1372 (Fed. Cir. 2003).

---

[4] One of the appellant's responses indicated that he was attempting to file a petition for review of the initial decision in his VEOA appeal.  0641 IAF, Tab 4 at 4.  The Board issued a final decision in the appellant's VEOA appeal on August 5, 2014.  *Sutton v. Department of Veterans Affairs*, MSPB Docket No. DC-3443-14-0467-I-1, Final Order (Aug. 5, 2014).

¶8 An applicant for employment who believes that an employment practice applied to him by OPM violates a basic requirement in 5 C.F.R. § 300.103 is entitled to appeal to the Board. *Meeker*, 319 F.3d at 1373; 5 C.F.R. § 300.104(a). The Board has jurisdiction over an employment practices appeal when two conditions are met: (1) the appeal must concern an employment practice that OPM is involved in administering; and (2) the appellant must make a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Meeker*, 319 F.3d at 1373; *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 6 (2010).

¶9 On review, the appellant reiterates his arguments, raised below, that the agency and OPM erred in determining that his DAWIA transcript was insufficient to demonstrate that he met the education qualification requirement for the position. PFR File, Tab 1 at 5‑7, Tab 4 at 3; 0641 IAF, Tab 8 at 5‑7. However, the appellant is not challenging the validity or applicability of the qualification requirement, but rather, is merely arguing that the agency and OPM should have found him qualified for the Supervisory Contract Specialist position based on that requirement. PFR File, Tab 1 at 5‑7, Tab 4 at 3. As such, the appellant is challenging the rating and handling of his individual application, and the Board lacks jurisdiction over such a claim. *See Richardson v. Department of Defense*, 78 M.S.P.R. 58, 61 (1998) (finding that the Board lacked jurisdiction over an employment practices appeal where an appellant failed to identify any basic requirement that was missing from the instrument that the agency used to evaluate her application, and instead, merely contested the agency's handing and rating of her individual application); *Banks v. Department of Agriculture*, 59 M.S.P.R. 157, 160 (1993) (finding that an appellant's allegations that an agency failed to fully consider his education and experience in making a

selection for a position did not establish jurisdiction over an employment practices claim), *aff'd*, 26 F.3d 140 (Fed. Cir. 1994) (Table).

¶10     As the appellant notes on review, the Board has found that an agency's "misapplication" of a valid OPM requirement may constitute an employment practice for purposes of Board jurisdiction under 5 C.F.R. § 300.104(a).  PFR File, Tab 1 at 7; *see Sauser*, 113 M.S.P.R. 403, ¶ 7; *Mapstone v. Department of the Interior*, 110 M.S.P.R. 122, ¶ 8 (2008).  However, "misapplication" in this context does not mean that the agency or OPM inaccurately evaluated a candidate using a valid OPM requirement.  Rather, it means that the very application of the requirement to the candidate violated one of the basic requisites of 5 C.F.R. § 300.103.  *See Dowd v. United States*, 713 F.2d 720, 721-24 (Fed. Cir. 1983) (finding jurisdiction over an employment practices appeal on the basis of a misapplication of a valid OPM standard where the appellant asserted that the employment practice at issue should not have applied to him at all); *Sauser*, 113 M.S.P.R. 403, ¶¶ 8-10 (finding that an appellant established jurisdiction over an employment practices appeal based on an allegation that an agency improperly applied OPM qualification standards because he alleged that the standards were not rationally related to performance in the position to be filled); *Mapstone*, 110 M.S.P.R. 122, ¶¶ 11-15 (same).  In other words, "misapplication of a valid OPM requirement" refers to the applicability of a requirement, rather than to the method of its application.  *See, e.g.*, *Sauser*, 113 M.S.P.R. 403, ¶¶ 8-10; *Mapstone*, 110 M.S.P.R. 122, ¶ 8.  Here, because the appellant does not challenge the applicability of the education qualification requirement at issue, he has not alleged that the agency "misapplied" that qualification requirement.  *See* PFR File, Tab 1 at 5‑7, Tab 4 at 3.  In sum, we agree with the administrative judge that the appellant failed to establish jurisdiction over his employment practices appeal.  ID at 1, 6.

<u>The appellant's claims the agency violated his veterans' preference rights are barred by the doctrines of res judicata and collateral estoppel.</u>

¶11     The appellant further argues on review that the agency and OPM violated his veterans' preference rights when they failed to accept his DAWIA transcript as sufficient proof that he met the education requirement.  PFR File, Tab 1 at 4‑7, Tab 4 at 3.  The Board's employment practices jurisdiction is limited to challenges based on the three grounds set forth in 5 C.F.R. § 300.103, which do not include violations of veterans' preference rights.  *Meeker*, 319 F.3d at 1374‑75; *Metzenbaum v. General Services Administration*, 96 M.S.P.R. 104, ¶ 13 (2004).

¶12     To the extent that the appellant is attempting to challenge the Board's decision denying his petition for review in his separate VEOA appeal, *see Sutton v. Department of Veterans Affairs*, MSPB Docket No. DC‑3443‑14‑0467‑I‑1, Final Order (Aug. 5, 2014) (Final Order), we find that his claims are barred by the doctrines of res judicata and collateral estoppel.

¶13     The doctrine of res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if:  (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995).  Collateral estoppel, or issue preclusion, is appropriate when:  (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005).

¶14      We find that the elements of both res judicata and collateral estoppel have been satisfied here. The issue of whether the agency and OPM violated the appellant's veterans' preference rights when they failed to accept his DAWIA transcript was raised and decided on the merits in the appellant's VEOA appeal. *See* Final Order at 2‑5. The Board had jurisdiction to adjudicate the VEOA appeal, the determination of whether OPM and the agency violated the appellant's veterans' preference rights was necessary to the resulting final judgment, the agency was the opposing party, and the appellant fully represented himself in that appeal. *See Fisher v. Department of Defense*, 64 M.S.P.R. 509, 515 (1994) (finding that a party's pro se status does not preclude the application of collateral estoppel; the "fully represented" requirement is satisfied when the party to whom collateral estoppel is applied has had a full and fair chance to litigate the issue in question). For these reasons, we find that res judicata and collateral estoppel bar the appellant from relitigating the issue of whether the agency and OPM violated his veterans' preference rights when they failed to find that he met the education requirement for the position based on his DAWIA transcript. *See McNeil*, 100 M.S.P.R. 146, ¶ 15; *Peartree*, 66 M.S.P.R. at 337.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

     The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27,

2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.